■ In the Matter of ROTRAUT L.U. BEINY. MARTIN WYNYARD et al., Respondents, v ANTIQUE COMPANY OF NEW YORK, INC., et al., Respondents, and MICHELE B. BEINY et al., Appellants. [681 NYS2d 506] —Order, Surrogate's Court, New York County (Eve Preminger, S.), entered February 3, 1998, which, in a trust accounting, inter alia, denied respondent-appellant proponents' motion to reject a Referee's report recommending denial of their motion for a protective order prohibiting petitioner-respondent opponents' former attorneys from turning over their files to the opponents' new attorneys, and, with certain modifications, granted the opponents' cross motion to confirm the Referee's report, unanimously affirmed, with costs.

While a formal hearing was not conducted, the Referee gave the proponents a fair opportunity to show which of the subject documents are privileged. In particular, the record shows that after an initial inspection of some of the documents, the Referee advised all counsel of the criteria she had developed for deciding which documents had been obtained from independently developed sources and could be turned over, and which were the result of the opponents' former attorneys' prohibited knowledge and could not be turned over; that she invited the parties' comments and a conference with respect to the criteria; and that when no comments, objections or requests for a conference were received, she proceeded on the assumption that the criteria were acceptable. The report itself, which has detailed

findings of fact with specific references to the documents in question, along with an index containing examples of the information not suppressed, contains all the findings of fact essential to resolving the attorney-client privilege issue that was referred. The so-called "London respondents" waived their right to assert nonservice of the opponents' initial and subsequent motions by joining in the remaining respondents' initial and subsequent motions, as well as in the notice of appeal and pre-argument statement in this Court (*see, Todd v Gull Contr. Co.*, 22 AD2d 904), and otherwise fail to demonstrate prejudice as a result of the alleged nonservice. We have considered the proponents' remaining arguments and find them to be without merit. Concur—Lerner, P. J., Sullivan, Milonas, Rosenberger and Ellerin, JJ.